UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Ewart Burton,

                Plaintiff,              **MEMORANDUM & ORDER**
                                                                   23-CV-05520 (DG) (JAM)

      -against-

Wells Fargo Bank, N.A. As Trustee, *et al.*,

                Defendants.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On May 4, 2024, Magistrate Judge Joseph A. Marutollo issued a Report and Recommendation ("R&R") recommending that Defendants' Motion to Dismiss brought pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 10, be granted and that *pro se* Plaintiff be denied leave to file an amended complaint. *See generally* R&R, ECF No. 22.[1]  Having construed Plaintiff's claims liberally in light of Plaintiff's *pro se* status, Judge Marutollo concluded that Plaintiff's claims are subject to dismissal pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure and that any amendment would be futile.  *See generally* R&R.  More specifically, Judge Marutollo concluded that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *res judicata*, collateral estoppel, and/or the applicable statutes of limitation; fail to state a claim; and/or are subject to dismissal for insufficient service.[2]

      On May 20, 2024, Plaintiff filed objections to the R&R.  *See* Plaintiff's Objection to the

---

[1] Familiarity with the procedural history and background of this action is assumed herein.

[2] Although the R&R concludes that all of Plaintiff's claims are subject to dismissal for insufficient service, the R&R first recommends that each of the claims be dismissed on other grounds.  *See generally* R&R.

R&R ("Pl.'s Obj. Br."), ECF No. 24. In his objections briefing, Plaintiff addresses various topics addressed in the R&R and argues, *inter alia*, that "certain aspects of the claims . . . have been either misunderstood or overlooked" and that "[t]he actions constituting violations by the defendants are not stale or barred by any statute of limitations, res judicata, collateral, estop[pel] or the Rooker-Feldman doctrine." *See generally* Pl.'s Obj. Br.[3]

On June 4, 2024, Plaintiff filed a letter ("Plaintiff's Letter"), which is dated May 30, 2024 and titled "Letter to the Judge," in which Plaintiff, *inter alia*, asks the Court to "enter an order restraining the defendants or their agents from initiating any filings in any court pertinent to the issues before this court until or after a final determination of [Plaintiff's] complaint has been rendered." *See* Plaintiff's Letter at 2, ECF No. 28.[4]

Defendants did not file any objections to the R&R but, on June 4, 2024, did file a response to Plaintiff's objections in which Defendants argue, *inter alia*, that the Court should review the R&R for clear error only, that there is no clear error, that the R&R was correctly decided, and that the R&R should be affirmed. *See generally* Defendants' Response to Plaintiff's Objection to the R&R ("Defs.' Obj. Br."), ECF No. 25; *see also* ECF No. 26.[5]

On June 14, 2024, Defendants responded to Plaintiff's Letter, arguing, *inter alia*, that Plaintiff's Letter "should be disregarded as an improper mechanism to have another bite at the

---

[3] In his objections briefing, Plaintiff requests "additional time to fully respond to the report or [that he] be permitted the opportunity to serve and file a supplemental affidavit and response to the [R&R]." *See* Pl.'s Obj. Br. at 7.

[4] Plaintiff also asserts that the R&R "has been improperly and untimely served" and requests "additional time to respond to the [R&R] or that the defendants be held in default of timely serving the [R&R]." *See* Plaintiff's Letter at 2.

[5] In their response to Plaintiff's objections, Defendants also request that the Court "deny Plaintiff's request for an extension of time to file a more thorough brief in objection, as doing so would be futile, given the clear case law in support of dismissal." *See* Defs.' Obj. Br. at 10.

metaphorical apple and argue in objection to the [R&R]." *See* Defendants' Letter, ECF No. 29.[6]

The Court has considered all of the filings to date in this action.

\* \* \*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at \*2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at \*2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at \*2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiff's objections – which the Court construes liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) – and out of an abundance of caution, the Court reviews *de novo* the entirety of the R&R. A review of the R&R, the record, and the applicable law reveals that

---

[6] Defendants note that Plaintiff received the R&R via email when the R&R issued and Defendants contest Plaintiff's claim that Defendants did not properly serve him with a copy of the R&R. *See* Defendants' Letter at 1 (representing that Defendants sent the R&R to Plaintiff on May 6, 2024 via email and via first-class mail).

Judge Marutollo properly concluded that Defendants' Motion to Dismiss should be granted for the various reasons set forth in the R&R and that, notwithstanding Plaintiff's *pro se* status, Plaintiff should be denied leave to file an amended complaint because amendment would be futile. The R&R properly concluded that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *res judicata*, collateral estoppel, and/or the applicable statutes of limitation; fail to state a claim; and/or are subject to dismissal for insufficient service, and the defects in the Complaint are not ones that can be cured by further pleading. The Court adopts the R&R.

Defendants' Motion to Dismiss, ECF No. 10, is GRANTED and the Complaint, ECF No. 1, is DISMISSED without leave to amend.[7] Those claims as to which the R&R recommends dismissal on the basis of the *Rooker-Feldman* doctrine are dismissed without prejudice, for lack of subject matter jurisdiction.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Order to

---

[7] In light of the fact that Plaintiff appears to have been properly served with the R&R, *see* Affirmation of Service, ECF No. 23, and the fact that Plaintiff already has submitted substantive objections to the R&R, *see generally* Pl.'s Obj. Br., Plaintiff's request for additional time to "fully respond" to the R&R or for the opportunity to file a "supplemental affidavit and response," *see* Pl.'s Obj. Br. at 7; *see also* Plaintiff's Letter at 2, is denied.

Further, in light of the dismissal of the Complaint without leave to amend, Plaintiff's request that the Court "enter an order restraining the defendants or their agents from initiating any filings in any court pertinent to the issues before this court until or after a final determination of [Plaintiff's] complaint has been rendered," *see* Plaintiff's Letter at 2, is denied as moot.

Plaintiff, and close this case.

        SO ORDERED.

                                                                */s/ Diane Gujarati*
                                                               DIANE GUJARATI
                                                               United States District Judge

Dated:  June 26, 2024
           Brooklyn, New York